UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Phillip E. Baldwin, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-04-3822 |
| § | |
| Harris County/Harris County Flood § | |
| Control District, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Harris County's motion for summary judgment on all of Plaintiff's claims in this employment discrimination suit. After reviewing the parties' filings and the applicable law, the Court finds that Defendant's motion should be and hereby is **GRANTED**. Plaintiff's claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Texas Commission on Human Rights Act; and the Texas Worker's Compensation Act are hereby **DISMISSED WITHOUT PREJUDICE TO REFILING**. Plaintiff's claims under the Americans with Disabilities Act and for intentional infliction of emotional distress are hereby **DISMISSED WITH PREJUDICE**.

I.   **BACKGROUND**[1]

Plaintiff Phillip E. Baldwin, an African-American male, was injured in August 2003 while working for Harris County as a Cable and Infrastructure Coordinator. Baldwin filed a worker's compensation claim and took leave from work due to the injury. He later sought to return to work in a light-duty position, but Harris County did not

---

[1] For the purposes of Harris County's motion for summary judgment, the Court construes all contested factual issues in the light most favorable to Baldwin, the non-movant. *See, e.g., Minter v. Great Am. Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

provide him with such an assignment, and he never returned to work. In January 2004, Harris County adopted a new No Fault Attendance Policy that provided for termination of any employee who had been absent from work for 240 consecutive days.[2] Baldwin received notice of the new policy in May 2004. On July 23, 2004, Baldwin's employment was terminated under the new policy.

Baldwin filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 28, 2004 and received a right-to-sue letter. He then filed the instant suit, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2)(a); the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; 42 U.S.C. § 1981; the Texas Commission on Human Rights Act (TCHRA), TEX. LAB. CODE ANN. §§ 21.001 *et seq.* (Vernon 1995); the Texas Worker's Compensation Act (TWCA), TEX. LAB. CODE ANN. §§ 451.001 *et seq.*; and the Texas common-law prohibition against intentional infliction of emotional distress. Harris County now moves for summary judgment on all of Baldwin's claims.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892

---

[2] The previous policy had provided for termination after 270 consecutive days' absence.

(2001) (internal quotation marks and citation omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B. The TCHRA and Title VII Claims

Baldwin's Complaint alleges race, color, national origin, and disability discrimination and retaliation in violation of the TCHRA,[3] and race, color, and national origin discrimination in violation of Title VII. "It is well settled that courts are without jurisdiction to consider claims brought under the TCHRA or Title VII as to which an aggrieved party has not first exhausted his administrative remedies by filing a charge of discrimination with the [Texas Commission on Human Rights (TCHR)] or [the] EEOC." *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 537 (S.D. Tex. 1999) (citing *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991)) (TCHRA); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (Title VII)).  Harris County argues that Baldwin has failed to exhaust his administrative remedies with regard to both claims.

#### 1. The TCHRA claims.

The TCHRA requires a plaintiff to exhaust all administrative remedies before filing suit in a district court. *City of Houston v. Fletcher*, 63 S.W.3d 920, 921-22 (Tex. App.—Houston 2002, no pet.).

> To comply with the exhaustion requirement under the Act, an aggrieved employee must do the following: (1) file with the Texas Commission on

---

[3] In his Complaint, Baldwin incorrectly states that his retaliatory termination claim arises under TEX. LAB. CODE ANN. § 21.001.  (Compl at 11.)   Section 21.001 is, however, the "purposes" section of the antidiscrimination statute and, as such, does not create a cause of action.  Baldwin's cause of action arises instead under § 21.051.

>   Human Rights ["the Commission" or "TCHR"] a sworn, written complaint within 180 days of the alleged discriminatory act; (2) allow the Commission 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit in district court no later than two years after the complaint is filed with the Commission.

*Id.* at 922.

Texas courts have held that the burden of pleading exhaustion rests on a plaintiff alleging discrimination under the TCHRA. *See Wal-Mart Stores, Inc. v. Canchola*, 64 S.W.3d 524, 534 (Tex. App.—Corpus Christi 2001, pet. granted), *rev'd on other grounds*, 121 S.W.3d 735 (Tex. 2003). While the Fifth Circuit has declined to decide the question of which party must plead exhaustion, it has held that, at a minimum, a defendant properly raises exhaustion by pleading it in the Answer and moving for judgment well before trial, as Harris County has done in this case. *Johnson v. Johnson*, 385 F.3d 503, 516 n.7 (5th Cir. 2004). As Harris County correctly points out, Baldwin has failed to allege, either in his Complaint or in his response to Harris County's motion for summary judgment, that he ever filed a discrimination charge of any kind with the TCHR. His TCHRA claims must, therefore, be dismissed without prejudice to refiling after exhaustion of administrative remedies, if exhaustion is still possible.

### 2. The Title VII claims.

In his EEOC charge, Baldwin did not check the boxes next to "color" or "national origin," nor did he provide a description of either type of discrimination in the body of the charge. Indeed, he did not explicitly allege any Title VII claim; the charge refers only to the ADA. Moreover, Baldwin does not now allege, in either his Complaint or his response to Harris County's motion for summary judgment, that he has exhausted his

claims of color and national origin discrimination.  These claims too, therefore, must be dismissed without prejudice pending exhaustion, if possible, of administrative remedies.

Baldwin did check the box next to "race" in the EEOC charge but provided no description of any alleged racial discrimination; the body of the charge detailed only his ADA claim of disability discrimination.  According to Harris County, Baldwin's failure to provide the EEOC with particulars concerning his allegation of racial discrimination bars him from raising that claim in this Court.  Baldwin responds that a properly performed EEOC investigation would have revealed the alleged racial discrimination.  He also points out that a plaintiff may raise a Title VII claim based upon "any kind of discrimination like or related to the charge's allegations . . . ."  *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

According to the *Fine* court, the flexible standard for exhaustion of Title VII claims is "limited . . . by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."  *Id.*  The court went on to hold that the charge at issue in that case, which alleged gender discrimination occurring in February 1990, could not give rise to a reasonable expectation that the EEOC would discover gender discrimination that occurred in October 1990.  *Id.*  Similarly, in this case, Baldwin's failure to provide the EEOC with any facts supporting a claim of racial discrimination—or even to articulate the claim itself in the body of the charge— precluded any reasonable expectation that the EEOC would investigate that claim.  All of Baldwin's Title VII claims must, therefore, be dismissed without prejudice to refiling after exhaustion, if exhaustion is still possible, of administrative remedies.

### C. The ADA Claim

Baldwin also claims that Harris County violated the ADA by discriminating and retaliating against him because he has a disability. "To establish a *prima facie* case under the ADA[,] one must show: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision because of his disability." *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999). Harris County argues that Baldwin cannot satisfy the first prong of the *prima facie* case, because he cannot show that he is disabled within the meaning of the ADA.

The ADA defines a disability as "(1) a mental or physical impairment that substantially limits one or more major life activities of an individual, (2) a record of such an impairment, or (3) being regarded as having such an impairment." *Id.*; *see also* 42 U.S.C. § 12102(2). "Merely having an impairment does not make one disabled for purposes of the ADA. Claims also need to demonstrate that the impairment limits a major life activity." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002). Furthermore, "a claimant must . . . show that the limitation on the major life activity is substantia[l]." *Id.* (internal quotation marks omitted).

According to the EEOC, a person is "substantially limited" if he or she is:

(i) Unable to perform a major life activity that the average person in the general population can perform; or
(ii) Significantly restricted as to the condition, manner[,] or duration under which an individual can perform a particular major life activity[,] as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1) (2001). In determining whether an individual is substantially limited in a major life activity, the Court considers "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or expected duration of the impairment; and (iii) [t]he

permanent or long term impact, or the expected permanent or long term impact[,] of or resulting from the impairment." *Id.* § 1630.2(j)(2); *see also Williams*, 534 U.S. at 690. To qualify as a disability under the ADA, an impairment *must* be permanent or long-term. *Williams*, 534 U.S. at 198.

In this case, Baldwin concedes that he was diagnosed as having only a temporary disability. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 8 & Ex. 35.) Moreover, he concedes that he never requested any accommodation from Harris County. (*See* Def.'s Mot. for Summ. J., Ex. D, at 10 (Baldwin Dep.).) *See also Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735-36 & n.4 (5th Cir. 1999) ("[T]he burden is on the employee to request an accommodation."). Because Baldwin's injury does not qualify as a disability under the statute, therefore, his ADA claim must be dismissed with prejudice.

### D. The § 1981 Claim

Baldwin also claims that Harris County violated 42 U.S.C. § 1981 by acting "in conscious disregard of [his] constitutional right to be free from purposeful discrimination." (Compl. at 10-11.) Harris County responds by pointing out that no independent cause of action against a local government entity exists under § 1981. Harris County is correct. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989) ("Congress did not intend, *as a matter of federal law*, to impose vicarious liability on municipalities for violations of federal civil rights by their employees.") (emphasis in original) (internal quotation marks omitted). Individuals may pursue § 1981 civil rights claims only via 42 U.S.C. § 1983. *Id.* ("Section 1983 provides an explicit remedy in damages which, with its limitations on municipal liability, Congress thought suitable to carry . . . into effect the rights guaranteed by § 1981 as against state actors.") (omission in

original; internal quotation marks omitted). Accordingly, because Baldwin has not brought a § 1983 claim, his § 1981 claim must be dismissed without prejudice.

### E. The TWCA Claim

Baldwin next alleges that Harris County is liable for retaliatory termination under the TWCA, TEX. LAB. CODE ANN. § 451.001.[4] To state a *prima facie* case of retaliatory termination, an employee must "establish the 'causal connection' between [his] discharge and the filing of a workers' [sic] compensation claim." *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). This connection may be established via direct or circumstantial evidence. *Id.*

> Circumstantial evidence sufficient to establish a causal link between termination and filing a compensation claim includes: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false.

*Id.* at 451.

Baldwin alleges that Harris County officials expressed doubt about the nature of the accident that caused his injuries; that he was treated differently from other injured employees, who were given light-duty jobs; and that Harris County's stated reason for terminating him—his violation of the No Fault Attendance Policy—was false.[5] (Pl.'s

---

[4] Baldwin's Complaint incorrectly states that his worker's compensation retaliation claim arises under TEX. LAB. CODE ANN. § 45.001. (Compl. at 12.) No such section exists. The cause of action for retaliatory termination arises under §§ 451.001 and 451.002.

[5] Baldwin's description of the allegedly disparate treatment of injured Harris County employers suggests racial discrimination, not worker's compensation retaliation. (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 29 ("Harris County refused to allow Plaintiff to return to his employment with Harris County in a light duty capacity as requested by his physician, yet made concessions for other employees [who] were Caucasian . . . .").) At the summary judgment stage, however, the Court generously construes Baldwin's factual assertions and assumes that Baldwin meant to allege that concessions were made for other injured employees who did not file worker's compensation claims, regardless of their race.

Resp. to Def.'s Mot. for Summ. J. at 11, 29.)  These contentions are sufficient to establish a *prima facie* case of retaliatory termination.

Once an employee establishes a *prima facie* case, the burden shifts to the employer to offer a legitimate reason for the termination.  *Continental Coffee*, 937 S.W.2d at 451.  Harris County meets this burden by providing evidence of its neutrally applied No Fault Attendance Policy.  (*See* Def.'s Mot. for Summ. J., Ex. B, at 1.)  The County further asserts that it refused Baldwin light-duty work because no such work was available (Def.'s Mot. for Summ. J. at 6), and notes that it was not required to create a light-duty position to accommodate Baldwin's injury.  (*Id.* (citing *Garcia v. Allen*, 28 S.W.3d 587, 601 (Tex. App.—Corpus Christi 2000, pet. denied)).)  *See also Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 590 (5th Cir. 1995) ("In Texas, an employer is permitted to terminate an employee who sustains a job-related injury if it ultimately appears that, due to the nature of the injury, the employee can no longer perform the essential functions of his position.").

Once an employer provides evidence of a legitimate reason for an employee's termination, the burden shifts back to the employee "either to (1) produce evidence raising a fact issue on whether the stated reason was a pretext for retaliatory action or (2) challenge the employer's summary judgment evidence as failing to prove as a matter of law that the stated reason was legitimate and nondiscriminatory."  *Aust v. Conroe Indep. Sch. Dist.*, 153 S.W.3d 222, 229 (Tex. App.—Beaumont 2004, no pet.).  Baldwin attempts to meet this burden by reiterating the allegations made in his Complaint and by asserting that he "truly believed that Harris County retaliated against him for filing his workers' [sic] compensation claims."  (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 29.)

"An employee's subjective beliefs are merely conclusions and do not raise a fact issue precluding summary judgment in a retaliatory discharge action." *Cazarez*, 937 S.W.2d at 451; *see also Texas Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) (holding that an employee's subjective beliefs "are not competent summary judgment evidence"). Similarly, a bare assertion of disparate treatment, unsupported by information indicating any basis for the assertion, is not sufficient to sustain a claim beyond the summary judgment stage. *See Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988) (holding that, absent evidence of personal knowledge, facts alleged in an affidavit are insufficient to defeat summary judgment). Because Baldwin offers no competent evidence of retaliatory termination, therefore, his TWCA claim cannot survive summary judgment.

F.     **The Intentional Infliction of Emotional Distress Claim**

Baldwin also claims that, by discharging him because of his disability, Harris County engaged in "extreme and outrageous" conduct constituting the intentional infliction of emotional distress. (Compl. at 13.) Intentional infliction of emotional distress is an intentional tort. *See Univ. of Texas Med. Branch v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston 1999, pet. dism'd w.o.j). "The Texas Tort Claims Act provides that sovereign immunity exists for intentional torts." *Id.* Summary judgment for Harris County on Baldwin's intentional infliction of emotional distress claim is, therefore, appropriate.

**CONCLUSION**

Baldwin's Title VII, TCHRA, § 1981, and TWCA claims are **DISMISSED WITHOUT PREJUDICE**. His ADA and intentional infliction of emotional distress claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 15th day of November, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**